O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE McDONNALL, ) | CASE NO. ED CV 08-00486 (RZ) |
| ) | |
| Plaintiff, ) | |
| ) | MEMORANDUM OPINION |
| vs. ) | AND ORDER |
| ) | |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of the Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

An industrial accident cost Plaintiff his left foot. Subsequent infections cost him most of the rest of his lower leg, and it too was amputated. These injuries in turn produced some depression and anxiety. Faced with these facts, the Administrative Law Judge, after two stipulated remands from this Court, found that Plaintiff was disabled for a period of two years, from 2002 to 2004, but that he medically improved and could work after that. Now back in this Court for the third time, Plaintiff raises two challenges to the determination that, following the period of disability, he retained sufficient capacity to work.

Plaintiff says that the Administrative Law Judge ignored a limitation which Dr. Singh placed on his assessment of Plaintiff's capabilities. Dr. Singh had opined that Plaintiff could stand for up to two hours in an eight hour day, but he added the limitation that Plaintiff take frequent breaks. [AR 149] (Dr. Singh also stated that Plaintiff could sit

without restriction.) In his decision under review here, the Administrative Law Judge referenced this capacity, but not the limitation [AR 582], and Plaintiff says that was error. In a related argument, Plaintiff says that the vocational expert's conclusion that work was available also cannot be sustained, because the hypothetical questions the expert considered, and which formed the basis for her opinion, also omitted this limitation that Plaintiff take frequent breaks.

The doctor's assessment, however, was made on October 3, 2002, at a time when Plaintiff was complaining about the prosthesis that he was using. Even given such a faulty prosthesis, Plaintiff could, in Dr. Singh's opinion, stand with this limitation, and could sit without restriction. [AR 149] The Administrative Law Judge found that Plaintiff was disabled, however, for a period following Dr. Singh's assessment. In this Court, the Commissioner argues that should be the end of the matter. But the Administrative Law Judge, in determining Plaintiff's residual functional capacity in as of May 2004, referenced Dr. Singh's opinion, and said that Dr. Singh's opinion was consistent with his own, and he did so after the period of disability. [AR 582]

The Administrative Law Judge did not reference the limitation that Plaintiff take frequent breaks, and in this Court Plaintiff rightly says that such a limitation could erode the vocational base. But the Administrative Law Judge *also* found that Plaintiff had improved medically, in a way relevant to his capacity to work, and relied on the later opinion of Dr. Yu for his determination. [AR 582] Dr. Yu's opinion was that Plaintiff was capable of standing for two hours in an eight-hour day, and sitting for six hours in an eight hour day. [AR 582, referring to AR 486] Plaintiff does not dispute the Administrative Law Judge's determination that he had improved medically, and in fact stipulated that, except for the matters he challenged, that the Administrative Law Judge had stated the medical evidence correctly. (Plaintiff's Memorandum in Support of Complaint at 2:25-28.) The basis for saying that Plaintiff had improved medically subsumes the earlier limitation Dr. Singh imposed. Indeed, Dr. Singh's evaluation was made in October 2002, at a time before Plaintiff had the below-knee amputation in October 2003 [AR 475]; by the time of

medical improvement, the nature of the prosthesis Plaintiff was wearing therefore was different, and the assessment Dr. Singh had made therefore was of less relevance. Dr. Yu, who made his assessment following the second amputation, did not impose a limitation of frequent breaks when standing, and even found that Plaintiff could walk short and moderate distances without any assistive device. [AR 486] The Administrative Law Judge therefore was justified in finding the residual functional capacity he did. Furthermore, his conclusion that Plaintiff could work drew from the vocational expert's testimony that there were jobs in the economy which Plaintiff could perform. The vocational expert significantly eroded the base for those jobs to account for Plaintiff's limited ability to stand; indeed, one of the jobs was primarily a sedentary job. [AR 753-54; 768] All of this makes clear that the reference to Dr. Singh in the decision was not a basis for reversal.

Plaintiff also challenges the Administrative Law Judge's determination that his mental impairments did not justify a continued finding of disability. Plaintiff makes a single argument: that the Administrative Law Judge ignored the General Assessment of Functioning score of 45 which one psychiatrist assigned to Plaintiff as part of his assessment of Plaintiff's mental status. This GAF, however, was assigned during the period that, the Administrative Law Judge found, Plaintiff was disabled. [AR 460] On May 17, 2004, another psychiatrist assessed Plaintiff as having a GAF of 55 [AR 481]; and on September 18, 2006, another psychiatrist gave a GAF of 65. [AR 686] These supported the Administrative Law Judge's determination that Plaintiff had improved from the time when he had been disabled, a time when the lower GAF had been applied. In any event, the GAF is a summary number which is useful for some purposes, but it does not encapsulate all facets of a claimant's status. *Cf. Howard v. Commissioner*, 276 F.3d 235, 241 (6th Cir. 2002).

In short, the arguments Plaintiff makes to this Court do not afford a basis for rejecting the determination made by the Administrative Law Judge. Accordingly, substantial evidence supports the decision of the Commissioner, and the decision is free

1  of legal error. *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992). The decision of
2  the Commissioner is affirmed.

4  DATED: March 6, 2009

6                                               RALPH ZAREFSKY
7                              UNITED STATES MAGISTRATE JUDGE